IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| SHERRY MONCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:16-cv-00007 |
| | ) | |
| MARSHALL COUNTY BOARD OF | ) | JUDGE CAMPBELL |
| EDUCATION and JACKIE | ) | MAGISTRATE JUDGE NEWBERN |
| ABERNATHY, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

## I. Introduction

Pending before the Court are Defendants' Motion for Costs Including Attorneys' Fees (Doc. No. 101); Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses (Doc. No. 105); and Defendants' Motion Objecting to and Seeking Review of Clerk's Taxation of Costs (Doc. No. 112).

For the reasons set forth herein, Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses (Doc. No. 105) is **GRANTED** in part, and **DENIED** in part. The Court awards Plaintiff attorneys' fees in the amount of $ 75,000 and approves the Clerk's taxation of costs in the amount of $4782.51. Defendants' Motion for Costs Including Attorneys' Fees (Doc. No. 101) and Motion Objecting to and Seeking Review of Clerk's Taxation of Costs (Doc. No. 112) are **DENIED.**

## II. Procedural Background

Plaintiff brought this action against Defendants Marshall County Board of Education and Jackie Abernathy, Director of Marshall County Schools, for deprivation of her Fourth Amendment

right to be free from unreasonable searches arising out of two separate actions -- compelling Plaintiff to take two drug tests and requiring her to disclose her prescription medication. (Doc. No. 18). Plaintiff also claimed Defendants suspended her in violation of her Fourteenth Amendment right to due process, and in violation of the Americans With Disabilities Act ("ADA") and the Tenured Teacher Act ("TTA"). (*Id.*)

Prior to trial, Defendants moved for summary judgment on all Plaintiff's claims except the Fourth Amendment compelled drug tests claim. (Doc. No. 38). Judge Waverly D. Crenshaw, Jr. granted summary judgment on the individual capacity claims against Defendant Abernathy under the ADA and the TTA, and denied the motion in all other respects. (Doc. Nos. 59, 60), The case was subsequently transferred to the undersigned Judge. (Doc. No. 64).

This trial in this case began on December 11, 2018 and lasted four days. (Doc. Nos. 95, 96). On the first day of trial, Plaintiff voluntarily dismissed her Fourteenth Amendment claim. After both sides presented their evidence, Defendants moved for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure. The Court denied the motion. The jury returned a verdict in favor of Plaintiff on the Fourth Amendment compelled drug tests claim, and on her claim she was suspended in violation of the TTA. (Doc. No. 96). The jury found in favor of Defendants on the Fourth Amendment claim relating to the disclosure of Plaintiff's prescription medication, and on her ADA claim. (*Id.*) The jury awarded Plaintiff one dollar on the Fourth Amendment drug tests claim, and $3,640 on the TTA claim. (*Id.*)

### III. Defendants' Request for Attorneys' Fees

Defendants seek attorneys' fees and expenses as the prevailing party on Plaintiff's ADA claim. Defendants base their claim for fees on the provisions of 42 U.S.C. §§ 12005, 12117, and

2000e-5(k).[1] "[W]hile prevailing plaintiffs are entitled to attorney's fees under [the Civil Rights Act] in all but special circumstances, prevailing defendants are entitled to attorney's fees much less frequently." *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 182 (6th Cir. 1985) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417-18 (1978)). "[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.*; *see also Green v. City of Southfield, Michigan,* 2019 WL 1716007, at *1 (6th Cir. Apr. 16, 2019); *Hescott v. City of Saginaw,* 757 F.3d 518, 529 (6th Cir. 2014). "[A] plaintiff may have an entirely reasonable ground for bringing suit even when the law or facts appear questionable or unfavorable at the outset." *Id.* "Therefore, a plaintiff should not be assessed

---

[1] Section 12205 provides:

> In any action . . . pursuant to this chapter, the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . .

Section 12117(a) provides:

> The powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of this title shall be the powers, remedies, and procedures this subchapter provides to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this chapter, or regulations promulgated under section 12116 of this title, concerning employment.

Section 2000e-5(k) provides:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

his opponent's attorney's fees unless the court finds the claim was groundless at the outset or that the plaintiff continued to litigate after it clearly became so." *Id.* An award of attorney's fees against a losing plaintiff in a civil rights action is "an extreme sanction, and must be limited to truly egregious cases of misconduct." *Id.*

Defendants argue they should recover one-third of their attorneys' fees because they prevailed on Plaintiff's ADA claim. Defendants contend Plaintiff's ADA claim was frivolous because she was not able to show the elements of a *prima facie* case at trial, and because Judge Crenshaw came very close to dismissing the ADA claim prior to trial. Plaintiff argues her ADA claim was not frivolous, and points out Defendants' unsuccessful efforts to dismiss the claim through a motion for summary judgment and a motion for judgment as a matter of law at the close of proof at trial.

The Court finds Defendants are not entitled to an award of attorney fees because the ADA claim was not frivolous or groundless. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417-18 (1978). Awarding fees to Defendants in this case would run counter to the concerns raised by the Supreme Court in *Christianburg* that district courts "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his actions must have been unreasonable or without foundation." 434 U.S. at 421-22. Here, although she did not prevail, Plaintiff presented sufficient evidence to defeat Defendants' motion for summary judgment and to defeat Defendants' motion for judgment as a matter of law at the close of proof. As the Court said in denying the latter motion, a reasonable jury could have found in favor of Plaintiff on that claim. As such, based on the high standard for awarding attorneys' fees to prevailing defendants in discrimination cases, the Court finds Defendants are not entitled to attorneys' fees.

IV. <u>Plaintiff's Request for Attorneys' Fees</u>

Through her Motion, Plaintiff requests attorneys' fees under 42 U.S.C. Section 1988 as the prevailing party on her Fourth Amendment compelled drug tests claim. Section 1988 provides: "In any action or proceeding to enforce a provision of [section 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . ." The purpose for fee-shifting in civil rights cases is to encourage the private enforcement of civil rights:

> When a plaintiff succeeds in remedying a civil rights violation, we have stated, he serves 'as a "private attorney general, vindicating a policy that Congress considered of the highest priority.' *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968) (*per curiam*). He therefore 'should ordinarily recover an attorney's fee' from the defendant—the party whose misconduct created the need for legal action. *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 416, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) (internal quotation marks omitted). Fee-shifting in such a case at once reimburses a plaintiff for 'what it cos[t][him] to vindicate [civil] rights,' *Riverside v. Rivera,* 477 U.S. 561, 577–578, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986) (internal quotation marks omitted), and holds to account 'a violator of federal law,' *Christiansburg,* 434 U.S., at 418, 98 S.Ct. 694.

*Fox v. Vice*, 563 U.S. 826, 833, 131 S. Ct. 2205, 180 L.Ed.2d 45 (2011).

A plaintiff in a civil rights case need not succeed on every claim in order to be considered a prevailing party. *Green Party of Tennessee v. Hargett,* 767 F.3d 533, 552 (6th Cir. 2014). "Success on a single claim is sufficient to become a prevailing party." *Id.* The Sixth Circuit has explained that a plaintiff "crosses the threshold to 'prevailing party' status by succeeding on a single claim, even if he loses on several others and even if that limited success does not grant him the 'primary relief' he sought." *McQueary v. Conway,* 614 F.3d 591, 603 (6th Cir. 2010) (citing *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 790–91, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989) and *Farrar v. Hobby*, 506 U.S. 103, 111, 113 S. Ct. 566, 575, 121 L. Ed. 2d

494 (1992)). The Sixth Circuit has found a plaintiff to be a prevailing party "even where twelve of his fourteen claims were dismissed." *Woods v. Willis,* 631 Fed. Appx. 359, 364 (6th Cir. 2015) (citing *Berger v. City of Mayfield Heights*, 265 F.3d 399, 406 (6th Cir.2001)). A plaintiff who wins nominal damages only is a prevailing party under Section 1988. *Farrar v. Hobby*, 506 U.S. at 115–16. "The significance of the relief obtained goes only to the amount of fees." *Id.*

Where the plaintiff's unmeritorious claims are based on different facts and legal theories than the meritorious claims, "a court must treat them 'as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim[s].'" *Green Party.,* 767 F.3d at 552-53 (quoting *Tex. State Teachers Ass'n,* 489 U.S. at 789). Where the plaintiff's meritorious and unmeritorious claims "'arise out of a common core of facts, and involve related legal theories,'" however, "a court should not exempt from its fee award the hours spent on the claims that did not succeed." *Id.,* at 553. In that case, however, the court should consider, "as its ultimate guide, 'the degree of success obtained.'" *Id.*

The jury ruled in favor of Plaintiff with regard to her Fourth Amendment claim involving the two compelled drug tests, and therefore, she is the "prevailing party" for purposes of Section 1988. In addition, Defendants do not appear to dispute that Plaintiff's Fourth Amendment claim arose out of a common core of facts and related legal theories as her other unmeritorious claims.

Relying on *Farrar v. Hobby*, *supra,* Defendants argue Plaintiff is not entitled to any attorneys' fees, however, because she was awarded only nominal damages on her Fourth Amendment claim. In *Farrar,* the Supreme Court reversed an award of attorneys' fees to a plaintiff who had filed suit demanding $17 million from six defendants, and after 10 years of litigation, received only one dollar from one defendant. The Court held that, even though the plaintiff was a prevailing party, he did not deserve an award of attorneys' fees:

> In some circumstances, even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all. A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party. As we have held, a nominal damages award does render a plaintiff a prevailing party by allowing him to vindicate his "absolute" right to procedural due process through enforcement of a judgment against the defendant. *Carey,* 435 U.S., at 266, 98 S.Ct., at 1053. In a civil rights suit for damages, however, the awarding of nominal damages also highlights the plaintiff's failure to prove actual, compensable injury. *Id.,* at 254–264, 98 S.Ct., at 1047–1052. Whatever the constitutional basis for substantive liability, damages awarded in a § 1983 action 'must always be designed "to *compensate injuries* caused by the [constitutional] deprivation."' *Memphis Community School Dist. v. Stachura,* 477 U.S., at 309, 106 S.Ct., at 2544 (quoting *Carey, supra,* 435 U.S., at 265, 98 S.Ct., at 1053) (emphasis and brackets in original). When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, see *Carey, supra,* at 256–257, 264, 98 S.Ct., at 1048–1049, 1052, the only reasonable fee is usually no fee at all. In an apparent failure to heed our admonition that fee awards under § 1988 were never intended to 'produce windfalls to attorneys,' *Riverside v. Rivera, supra,* 477 U.S., at 580, 106 S.Ct., at 2697 (plurality opinion) (quoting S.Rep. No. 94–1011, p. 6 (1976) U.S.Code Cong. & Admin.News 1976 pp. 5908, 5913), the District Court awarded $280,000 in attorney's fees without 'consider[ing] the relationship between the extent of success and the amount of the fee award.' *Hensley, supra,* 461 U.S., at 438, 103 S.Ct., at 1941.

506 U.S. at 115-16.[2]

Defendants also cite the Sixth Circuit's opinion in *Pouillon v. Little*, 326 F.3d 713 (6th Cir. 2003). The plaintiff in *Pouillon* sued two officers, who arrested him while he was staging a protest, for compensatory and punitive damages. *Id*., at 715. After rejecting two pretrial settlement officers of $2,500 and $10,001, and pursuing his claims through two trials, the plaintiff won a jury verdict of $2.00. *Id.* In reversing the district court's award of attorneys' fees in the amount of $35,690, the appeals court held the plaintiff "has not demonstrated that his case is distinguishable from the

---

[2] In a concurrence, Justice O'Connor articulated a three-factor test for evaluation of the reasonableness of fees where a plaintiff is awarded only nominal damages. *Id*., at 116-22. Although some courts have applied that test, the Sixth Circuit has not adopted it. *See Hescott,* 757 F.3d at 525 ("We question whether use of this test was proper given that the controlling opinion of the Supreme Court did not adopt it."); *Breaud v. Breaud,* 2018 WL 4680325 (M.D. Tenn. Sept. 28, 2018) (collecting cases).

'usual' case where a prevailing civil rights plaintiff is not entitled to attorney's fees when all that he has won is a technical vindication of rights in the form of nominal damages." *Id.*, at 717.

In a more recent opinion, the Sixth Circuit urged a more cautious approach in considering the outright denial of fees to a prevailing party in a Section 1983 case. In *Hescott v. City of Saginaw*, *supra,* the court explained that "[a]lthough § 1988 uses permissive language regarding fee awards, 'the Supreme Court has read [§ 1988] as mandatory where the plaintiff prevails and special circumstances are absent.'" 757 F.3d at 523 (quoting *Déjà Vu v. Metro. Gov't of Nashville & Davidson Cty., Tennessee,* 421 F.3d 417, 420 (6th Cir. 2005)). Noting that the Supreme Court had "offered 'little guidance' as to what constitutes a special circumstance that would defeat a fee award," the court explained that "our court has eschewed adopting a 'predetermined formula' in favor of a 'case-by-case' approach.'" 757 F.3d at 523 (quoting *Déjà Vu,* 421 F.3d at 421-22). In such cases, the "non-prevailing defendant bears the burden 'to make a strong showing that special circumstances warrant a denial of fees.'" *Id.* (quoting *Déjà Vu,* 421 F.3d at 421-22). In applying the case-by-case approach, "'courts have made clear that special circumstances should not be easily found.'" *Id.* (quoting *Cleveland v. Ibrahim,* 121 Fed. Appx. 88, 90 (6th Cir. 2005) (collecting cases)).

The *Hescott* Court specifically addressed the Supreme Court's decisions in *Hensley v. Eckerhart* and *Farrar v. Hobby*, concluding that the district court had "drawn the wrong lesson" from these cases. *Id.* *Hensley,* the court explained, involved the issue of what constitutes a "reasonable" fee under Section 1988, and "provided guidance on how to calculate a reasonable fee where 'a plaintiff has achieved only partial or limited success' in a civil-rights suit involving a common core of facts or based on related legal theories." *Id.,* at 524 (quoting *Hensley,* 461 U.S. at

8

434, 436). "The *Hensley* Court said *nothing* about denying attorneys' fees altogether where plaintiffs prevail on some claims but lose on others." *Id.*

As for *Farrar,* the Supreme Court "held that a plaintiff who wins nominal damages *is* a prevailing party under § 1988, but noted that the 'technical nature' of a nominal-damages award does 'bear on the propriety of fees awarded.'" *Id.* (quoting *Farrar,* 506 U.S. at 114). Where the plaintiff's victory is "purely technical or *de minimus,* which often is reflected by a nominal-damages award," they sometimes should receive no award at all:

> The plaintiff in *Farrar* typified this concern: he requested $17 million in compensatory damages and, after ten years of litigation, received just one dollar. *Id.* at 116, 113 S.Ct. 566 (O'Connor, J., concurring). The *Farrar* jury found that only one of the six defendants had deprived the plaintiff of an indeterminate civil right and, even then, that the violation was not the proximate cause of any damages. *Id.* at 106, 113 S.Ct. 566 (majority opinion). Nevertheless, the district court awarded the plaintiff $280,000 in attorneys' fees 'without considering the relationship between the extent of the success and the amount of the fee award.' *Id.* at 115–16, 113 S.Ct. 566. Accordingly, the Supreme Court affirmed the reversal of the district court's fee award. *Id.* at 116, 113 S.Ct. 566.

757 F.3d at 524. Consequently, the court concluded that *Farrar* was legal and factually distinguishable:

> First, *Farrar* dealt with the *reasonableness* of a given fee award, not whether special circumstances warranted its outright denial. *Id.* at 115, 113 S.Ct. 566 ('[T]he only *reasonable fee* [for a pyrrhic victory] is usually no fee at all.' (emphasis added)); *id.* at 117, 113 S.Ct. 566 (O'Connor, J., concurring) ('[T]he Court makes clear today that, in fact, [the manner of victory] is part of the determination of what constitutes a reasonable fee.'). And more importantly, unlike the plaintiff in *Farrar,* the Hescotts proved an actual, compensable injury. *See Imwalle v. Reliance Med. Prods., Inc.,* 515 F.3d 531, 556 (6th Cir. 2008) (distinguishing *Farrar* on the ground that, unlike Farrar, Imwalle received 'far more than "nominal" compensatory damages').

*Id.,* at 524–25.

The court went on to reject the concerns the district court identified as "special circumstances," pointing out that "'we have never (to our knowledge) found a 'special

9

circumstance' justifying the denial of fees.'" *Id.,* at 525 (quoting *McQueary v. Conway,* 614 F.3d at 604). Rejecting the modest value of the plaintiff's destroyed residence as a concern, the court explained that "civil-rights plaintiffs 'seek[] to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.'" *Id.* (quoting *City of Riverside v. Rivera,* 477 U.S. 561, 574, 106 S. Ct. 2686, 91 L.Ed.2d 466 (1986)). In addition, the court rejected the good faith of the defendant as an appropriate concern: "[w]e have held time and again that 'good faith is not a "special circumstance" which justifies the denial of attorney's fees under section 1988.'" *Id.,* at 526 (quoting *Morscott, Inc. v. City of Cleveland,* 936 F.2d 271, 273 (6th Cir. 1991)). Finally, the court pointed out that the plaintiff's failure to prevail on all claims, or to obtain a punitive-damages award, do not warrant the outright denial of fees:

> [A] court should not reduce attorney fees based on a simple ratio of successful claims to claims raised. When claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced. *Thurman v. Yellow Freight Sys., Inc.,* 90 F.3d 1160, 1169 (6th Cir.1996) (citations omitted).

*Id.*

In remanding the case, the court set out the methodology to be applied in determining a reasonable fee award:

> A starting point is to calculate 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.' (This is known as the 'lodestar' calculation.) The court should then exclude excessive, redundant, or otherwise unnecessary hours. Next, the resulting sum should be adjusted to reflect the 'result obtained.' This involves two questions: 'First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?'

*Id.,* at 526–27 (quoting *Wayne v. Village of Sebring,* 36 F.3d 517, 531 (6th Cir. 1994)).

Although Defendants do not address the Sixth Circuit's decision in *Hescott*, and therefore, do not acknowledge the court's conclusion that they bear the burden to "to make a strong showing that special circumstances warrant a denial of fees," they argue Plaintiff is not entitled to fees because she requested $300,000 in closing argument, and was awarded only $1.00; and she did not seek to further a public goal by obtaining injunctive relief. Plaintiff argues she is entitled to attorneys' fees despite the nominal damages award because she was able to vindicate important rights. Plaintiff also points out that her claims were interrelated, and therefore, the total fee request of $222,667.50 should not be reduced to reflect work on unmeritorious claims.[3]

As the *Hescott* Court observed, the Sixth Circuit has not found a "special circumstance" justifying the outright denial of fees, and Defendants have not articulated such a special circumstance here.[4] Unlike the plaintiff in *Farrar*, Plaintiff's nominal damages verdict did not come after she demanded millions of dollars from multiple defendants, nor to the Court's knowledge, did Plaintiff turn down two substantial pretrial settlement offers and proceed with two separate trials like the plaintiff in *Pouillon*.

The Court is persuaded, however, that Plaintiff's fee award should be reduced to reflect the result obtained. In making this determination, the Court need not apply any particular formula.

---

[3] Defendants do not suggest work on the meritorious claims is capable of separation from the work on the unmeritorious claims. Nor have they lodged specific objections to the hourly rate or specific time entries upon which the fee request is based.

[4] Particularly troubling to the Court was Defendants' admission at trial of violation of the TTA, an admission apparently made for the first time in the lawsuit. While the TTA does not have an attorneys' fees provision, Defendants' protestations about the amount of fees incurred by Plaintiff rings hollow when Defendants forced that claim to trial. Indeed, Defendants now claim that admission and subsequent verdict on the TTA claim in Plaintiff's favor "is equal to proving nothing." (Doc. No. 109 at 4). This leaves unanswered the question of why Defendants waited until trial to concede that claim if it was, as Defendants assert, "obvious." (*Id.*).

*See Farrar,* 506 U.S. at 115 ("Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness [set forth in *Hensley,* 461 U.S. at 430 n.3[5]] . . . ") Plaintiff achieved a limited result. She failed to obtain a verdict on the Fourth Amendment disclosure of prescription medicine claim and on her ADA claim, and obtained only nominal damages on the Fourth Amendment compelled drug tests claim. On the other hand, Plaintiff vindicated an important, relatively novel Fourth Amendment right – the right of public employees to be free from unreasonable searches in the form of compelled drug tests – the deprivation of which is not easily quantified. In the exercise of its discretion, therefore, the Court concludes that a reasonable fee award in this case is $ 75,000.

V. Costs

Defendants filed a Bill of Costs in the amount of $4,206.03, on January 2, 2019, which was subsequently rejected by the Clerk of Court because it failed to comply with Local Rule 54.01(a). (Doc. No. 104). Plaintiff filed her Bill of Costs in the amount of $4782.51, on January 15, 2019. (Doc. No. 108). The Clerk awarded Plaintiff's Bill of Costs on January 31, 2019. (Doc. No. 110). On that same day, Defendants filed a second Bill of Costs. (Doc. No. 111).

Through their pending motions (Doc. Nos. 101, 112), Defendants object to the Clerk's award of costs to Plaintiff, and seek to recover their own costs as the "prevailing party" on the

---

[5] The twelve factors referenced in *Hensley* are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."

461 U.S. at 430 n.3.

12

Plaintiff's unmeritorious claims. Plaintiff objects to Defendants' request for costs and argues the Court should uphold the Clerk's taxation of costs on Defendants. Plaintiff relies on Federal Rule of Civil Procedure 54(d)(1), as well as Section 1988, to support the award of costs.

Section 1988 permits a prevailing plaintiff to recover the "incidental and necessary expenses incurred in furnishing effective and competent representation." *See e.g., Waldo v. Consumers Energy Co.,* 726 F.3d 802, 827 (6th Cir. 2013) (quoting *Sigley v. Kuhn,* 205 F.3d 1341 (6th Cir. 2000)). "Recoverable out-of-pocket expenses are those 'incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services,' such as '[r]easonable photocopying, paralegal expenses, and travel and telephone costs.' *Id.* (quoting *Northcross v. Bd. Of Educ of Memphis City Sch.*, 611 F.2d 624, 639 (6th Cir. 1979)).

Rule 54(d)(1) provides:

> Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.[6]

---

[6] Items that may be taxed as costs are listed in 28 U.S.C. § 1920, which provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> **(1)** Fees of the clerk and marshal;
> **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> **(3)** Fees and disbursements for printing and witnesses;
> **(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> **(5)** Docket fees under section 1923 of this title;
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party, but also allows the denial of costs at the discretion of the trial court. *See, e.g., Knology, Inc. v. Insight Communications Co., L.P.,* 460 F.3d 722, 726 (6th Cir. 2006); *White & White, Inc. v. American Hospital Supply Corp.,* 786 F.2d 728, 730 (6th Cir. 1986). The Sixth Circuit has identified "'several factors a losing party may put forward that may be sufficient to justify a district court in overcoming the presumption in favor of a cost award, including the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs.'" *Knology,* 460 F.3d at 726-27 (quoting *Singleton v. Smith,* 241 F.3d 534, 539 (6th Cir. 2001)). The court is not to consider the size of the recovery by the successful party or whether the prevailing party is able to pay its own costs. *White & White,* 786 F.2d at 730-31.

In taking the position that Plaintiff is not the "prevailing party" for purposes of the award of costs, Defendants argue that Plaintiff did not prevail on either her ADA claim or on one of her Fourth Amendment claims; was awarded nominal damages on the other Fourth Amendment claim; and did not really "prevail" on the TTA claim because the state legislature has restricted the remedies for a successful claim to reinstatement and back pay. For these same reasons, Defendants argue they are the prevailing parties entitled to costs.

The Court disagrees. As the Court concluded with regard to attorneys' fees, Plaintiff was the "prevailing party" with regard to one of the Fourth Amendment claims. Notwithstanding Defendants' creative argument, Plaintiff also clearly prevailed on the TTA claim. Indeed, during her testimony at trial, Defendant Abernathy essentially admitted she violated the Act when she suspended Plaintiff for more than three days. Nevertheless, Defendants persisted in denying liability. Having prevailed on that claim and her Fourth Amendment drug tests claim, Plaintiff was appropriately awarded costs as the prevailing party.

Defendants alternatively argue that the Court should deny the award of costs to Plaintiff because the case was "close and difficult," relying on the Sixth Circuit's opinion in *White & White, Inc. v. American Hospital Supply Corp., supra.* In *White,* the court explained that this factor should be judged "not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." 786 F.2d at 732-33. The *White* court held it was proper for the district court to consider this factor in denying costs to the defendant in an antitrust case that "consumed 80 trial days, required 43 witnesses, produced 800 exhibits, generated almost 15,000 pages of transcript, and begat a 95 page opinion." *Id.,* at 732. Defendants contend this case was "close and difficult" because there was a mixed verdict in which Plaintiff was awarded only nominal damages, suggesting the jury had "difficulty discerning the case." (Doc. No. 112, at 7).

The Court is not persuaded that this factor warrants the denial of costs in this case. The trial lasted a total of four days. Eight witnesses were called, and it took the jury less than four hours to reach a verdict on Plaintiff's four claims. Defendants have not shown any of the other factors identified above warrant a denial of costs, nor do they otherwise object to the specific items of costs awarded by the Clerk. Accordingly, the Clerk's award of costs is approved, and Defendants' motions seeking an award of their own costs are denied.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE